Robles Health System. Thank you. Thank you, Counsel. Please the Court. Counsel, you may proceed. Thank you. Good morning. May it please the Court. I think the briefing from both sides on this case is pretty complete. So I want to highlight a couple of points just to summarize some of the issues in this case. It's a relatively simple case, factually, and the entire basis of the appeal and the motion to dismiss rests with the California Supreme Court case Westlake. The exception within the Westlake case applies to the particular facts at issue. So Westlake is an important case and it basically stands for two propositions. Before a physician who has been either, you know, denied of privileges or his privileges have been terminated, he or she must exhaust administrative remedies, including internal administrative remedies, and then following the quasi judicial proceeding within the hospital system, must seek to overturn that Westlake. And Westlake recognized a limited exception to that requirement. And that's what's specifically at issue in this case and perfectly fits Dr. Nashed's facts. And that is when the hospital fails to give the proper due notice, excuse me, due process notice to the physician, the physician is allowed to immediately sue for tort damages in court. And the Westlake case specifically said you have to give essentially notice of the charges, you have to give notice of what's being, the doctor is being accused of, and a right to confront that. Here's my, here's, this is a little bit different than Westlake in this sense. What the hospital says to Dr. Nashed is, you haven't given us a complete application. We need, we need records from the other hospital that has and it's not enough to give us whatever you have in your hands, we want it from them. So he got complete notice in advance of what his problem, the problem was, they then say, I'm sorry, you haven't provided it. And therefore, we're not going to grant your application. And so why can't you then go to Superior Court and say, that was arbitrary and unreasonable. They should have waited longer, given me more time. See, what we're fighting about here is not the merits of the allegations at the other hospital, but merely the question of whether or not you should be required to obtain from the other hospital those records. Your position is, gee, it's unfair. I tried and couldn't do it in time. And that may be exactly correct. But you knew exactly what, you didn't need more notice of the reason they were turning you down. They were turning you down because you didn't get them in in time. And why can't you go right to the Superior Court and say, that's unfair. They should have given us more time. Yes, it's a good question. And let me explain a little nuance there. The Westlake court says you have to give notice of charges and a right to have a hearing, right to cross-examine witnesses, present your own evidence. In this particular case, we have no actual charges. That's right. That's why I'm having trouble putting this in the Westlake box. I mean, this is a different case than Westlake or the boxes it describes. What they said is you've submitted an incomplete application. And you're saying, it's not my fault. The other hospital should have, you know, right. Your Honor, why don't you go to Superior Court and say, this is arbitrary and capricious. I didn't have enough time to complete the application. And you should order them to give me more time to complete it. We're not talking about confronting the charges in the other application. Once they get it, if they turn you down because you were suspended at the other hospital, I agree you're entitled to confront people and make your arguments. But we're not even at that stage. You don't have a complete application. Your Honor, I would say to answer your question is I don't have to go to court to seek an order telling them that they have to further consider my application. Because what they've done here is they've denied his reappointment without giving him that due process. The charges need to be you are being terminated or your non-appointment, your reappointment is being not approved for the following reasons. And here's your right to get to that. They didn't get to that point because they needed some additional information. They needed the documentation from the other hospital. And that didn't come. So there were no charges were not. It was simply your doctor's rights expired. Oh, but that's exactly what happened in Westlake. There were no charges in a right to confront it before your privileges are non renewed or they're terminated. You have a right to sue for damages. We're missing something here. So let's assume a different let's assume the application has 25 pages to be filled out and put aside the other hospital for a second. And you only fill out seven pages. And they say your application is incomplete and you don't fill out the other 18 pages. Are you then entitled to a hearing? And they say we're turning you down because your application is incomplete. Are you then entitled to a hearing about what whether they should have granted your application had it been complete? Okay, it's a good question. And let me answer it this way. Your honor, there are administrative terminations and non administrative terminations. Perhaps the example your honor is giving you so specific to an administrative termination. Whereas I didn't actually sign the application or I didn't actually give certain information that are is clearly necessary on the application of the bylaws. That may very well be a different situation, but we don't have that here. This is an investigation. This is not normal information that every applicant has to get. No, not every applicant is suspended at another hospital. So this hospital says, gee, you've told us you were suspended at another hospital. We'd like to know why before we renew your application. And and and you say, well, here's why I've got information in my hands. And they say, no, no. In order for us to do this, we really need to get the other hospital to tell us what happened. And it didn't. Now I'm sympathetic with your notion that maybe you didn't have enough time to get it and the other hospital wouldn't have cooperated. But I'm not sure that they had to have a hearing to say we're the application is incomplete and superior courts there. You can get them. You can get it to order them to give you more time. Very least, I would answer your honor. At the very least, I would say we needed to have notice of charges as to why it was incomplete. What? What? What was it complete? They told you you don't. You haven't provided us with the information from the other hospital. I didn't. What? What? We did provide information. We should have been told why the information we provided was you to confront them and say what? Actually, you were told that we we need the information to come from the other hospital. You don't need to confront anybody about that. That's what they told you. You couldn't do it. It may well be that it was impossible for you to do it. And the Superior Court can help you out on that. But I'm having a hard time figuring out what the hearing is going to be about. It comes down to an opportunity to contest a finding that didn't even take place yet. Doctor in his shed. The Westlake says you need to be given an opportunity of a notice of what the charges are and a right to respond to that. In this case, the issue is the non reappointment that did not take place until after the communications between both sides took place. Doctor in his head intuitively could never have had an opportunity to respond to the action because the action took place, which was the non renewal. He never had a chance to respond to that point. What we're talking about here is a defect in his application, and they gave him a chance to cure the defect. That's not the same as addressing the action, which is the non reappointment. That's me. Ask 83 due process claim. What happened to that particular claim? And what was the color of state law that would have been the basis of the 1983 claim? I believe that that claim also got dismissed just with the second cause of action. And, um, I believe we pled that believing that the hospital was a state not be true. But, um, the can you help me with that here? I mean, is it? Is it true? Is it not true? Don't believe it is true, but we never got to discovery, and that may have been a misunderstanding on our part. We never got. I don't have confirmation of that. But but if you if I had to bet, I would say I don't think it is true. But they moved it. The defendants moved this to federal court. We filed this state court. Thank you. All right. Thank you, Council. Let's, uh, you're from, um, Mr Wendland. Good morning, Your Honor's Adam Wetland on behalf of the defendants and the appellees. May it please the court? I think the court is precisely right when it asked the question. What would be, um, heard at such a hearing that Dr Shed has alleged he was owed? Clearly, it's it's the hospital's position. No hearing was necessary. But if Dr Nishan thought one was necessary before the expiration of his privileges, he was required to seek relief from the Spirit Court of California under the Westlake doctrine, as well as the many other cases thereafter. Uh, you've taken it. You've gone to court to complain about the fact that the Los Robles staff refused to extend the deadline when it was clear that the other hospital had had missed it. Your Honor, I think Dr Nishan could have gone to court. And if he believed that to be the case, if that was his allegation, as it is now, certainly he would have been required to go to the Superior Court under a petition for written mandamus. I don't believe that would have been provided to him or issued by the court. The reason being is that that gives gets into the California Code of Regulations, which only allows a hospital to grant two years at a time to a physician. And then the hospital is required to go through the reappointment process such that if the two year period expires, what happens under the medical staff bylaws at the Los Robles Hospital is the physician is immediately allowed to file a new application. That's a different situation than when a physician's reappointment application is denied on its merits, which means the physician then must wait another two years before filing a new application. I was going to ask a question about that. So let me be clear. If if Dr Nishan were to show up today with the records from the other hospital, you would then process his application? Absolutely. Yes. And, Your Honor, we did submit a request for judicial notice in support of a separate waiver theory that the district court didn't rule on as well as a separate. I'm not asking about other theories. I'm just saying if he if he gets the other hospital to provide you with the information, you would then process his application. Correct. Yes. I'm not saying you'd grant it. I don't that you might decide to deny and he'd be entitled to a hearing. So and we're now how far down the road here from his his reappointment application, uh, was, uh, expired September 29th, 2019. So we're more than two years. Nobody's gotten the information from the other hospital in that interim period. Uh, well, Your Honor, the background actually here is Dr Nishan in 2019 after his reappointment application had expired, filed that new application right as the medical staff bylaws provide is his relief. When this type of situation happens, the waiver argument was based on the fact that Dr Nishan then withdrew that new application. I'm not I'm not asking about legal theories. I'm asking about a fact. In 2019, Dr Nishan was told your application is incomplete because we don't have information about your suspension at, I guess it's invented. And he said, Here, here's the information that I have. And your client said, I think quite reasonably. No, we need to get the complete record from the other hospital so we know what it was. And that was two years ago. And you're telling me that as soon as that information gets there and he has a complete application, he can reapply. And so I'm trying to figure out why in the interim two years has that information arrived to your hospital yet? I'm not certain about it, but I know you asked for it. Did you? Did you call up the other hospital and say, We've got a guy who's reapplied here. We'd like to get this information because we're his. He's his privileges are in abeyance while we wait for them. The hospital did do that. And the reason we don't have a result from that is Dr Nishan withdrew the application. The second application after there were two applications, there was a reappointment application which expired. Then Dr Nishan actually filed a new application which is his right to do. But before that was adjudicated with the Adventist Health Simi Valley records, Dr Nishan withdrew the application. So we do not have a result because let me ask you quite the question that Judge Boo posed. Um, the district court dismissed both causes of action, the 1983 claim and the state law claim, if you will, based on failure to exhaust administrative remedies. It's quite clear that you don't have to exhaust administrative remedies to bring a 1983 action. What should we do with that cause of action? Your Honor, I believe you should uphold the district court's ruling on the other theories. If you do not believe the exhaustion requirement applies to 1983, I I don't believe we've briefed that. And that's, um, frankly, it's an right question. But there there is the waiver issue based on the fact that Dr Nishan was permitted to file the new application before it could be adjudicated. He withdrew that application. So we can't know whether or not, uh, Dr Nishan was going to be provided fair procedure or not. Obviously, we were the hospital was going to do that, but it never came about because of the withdrawal. Um, secondarily, let me ask you the same question that I was asking your friend. Um, it's really comes down to color of state law, and I don't think he believes that your hospital acted under the color of state law. Is your hospital private entity? Yes, it is. Does it make a difference that it was enforcing a California legislative scheme that required this whole process to take place? Or does that not make it acting under colors? I don't believe it does make it acting under color of state law. You see our problem? We don't. We don't that that issue I'm not sure was argued below. Did you argue below that you weren't a state actor? We did not argue it, and the issue actually did not was not raised at the district court or or what was the constitution? What was the constitutional violation alleged in 1983? Claim was due process. It was due process, Your Honor. If I might point out, um, there was a case cited by both sides in the waiver argument, but actually might be helpful to assess this expiration issue. It's the Powell versus Bear Valley Community Hospital case, and in that case, there was a physician. He was a member of a medical staff at a hospital. The physician filed a reappointment application, but because the hospital could not obtain the records that it needed to adjudicate the application, it deemed the application incomplete. And our California Court of Appeal, uh, uh, um, affirmed the trial court ruling that dismissed the action under a statewide demur. It's fairly similar factual set up here because you have the same situation where the hospital just does not have the records to adjudicate on the merits of reappointment application. What that case didn't get into, which we obviously got into here, is the timing requirement of the two year terms such that at the two year terms out, it cannot be a reappointment application anymore. It has to switch over to an appointment application. But my point being is under the section 1983 due process allegation or claim. I think the result would be the same that there is no due process violation because Dr Nished was being given an opportunity to pursue a new application, um, had the opportunity to obtain more records from Simi Valley. The hospital was trying to obtain those and to actually get to the merits of whether he could demonstrate continued competency and continued ethical compliance. Again, the problem is we just never got there because Dr Nished voluntarily withdrew that application. And, Your Honors, I'm happy to answer any more questions, but on that I would submit. All right. Thank you, Council. Um, Mr Dierkovic, I'll give you a minute. You know, I just want to address one point there with the Powell case. Um, there's a huge distinction with the Powell case, and that is that the governing board in that case, I mean, the governing board of the hospital actually reached a decision, which then required this, um, uh, required a written mandate. And we don't particularly have that in this, uh, in Dr Nished's case. I also want to distinguish one case that the district court relied upon and also the defendants, which is the Lee case. Um, the Lee case involved a termination. The physician was given notice and also afforded a right to a hearing. But then before the hearing started, they terminated the hearing because they claimed the physician was not cooperating. And then the appellate court said you had to file a writ petition. I think that distinguishes very clearly from Dr Nished's case where he was never given an opportunity for a hearing in the first place. Um, and so he doesn't have to go and seek the writ petition the same way that the doctor did. So thank you, Your Honors. All right. Thank you very much, Council. Um, Nished versus Los Robles Health System will be submitted, and the session of the court is adjourned for the week. Thank you. Thank you, Your Honors. This court for this session stands adjourned.
judges: WARDLAW, HURWITZ, Bough